IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.                                              Case No.: 24-cr-51-wmc

ERIK SMAY,

           Defendant.

---

**PLEA AGREEMENT**

---

    1.    This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

    2.    **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count Two of the indictment. This count charges a violation of Title 18, United States Code, Section 924(a)(1)(A), which carries maximum penalties of 5 years of probation, 5 years in prison, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

    3.    **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

    4.    **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal

and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5. **APPELLATE RIGHTS WAIVER:** The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

6. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

Law enforcement learned that on September 20, 2022, the defendant purchased two Palmetto State Armory Dagger Compact 9mm handguns from Three Goats Firearms, a federally licensed firearms dealer in Madison, Wisconsin. Three Goats Firearms maintained a Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) Form 4473 completed and signed by the defendant on the date he purchased the firearms. On the form, the defendant indicated "no" to the question under section 21.e. asking if he was an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance. The defendant signed the Form 4473 certifying that his answers were true, correct, and complete.

A friend of the defendant consented to a search of his cell phone's text message history with the defendant. Between July 2022 and February 2023, the defendant frequently communicated with this individual through text messages about his unlawful drug use and requested drugs from this individual for his own personal use.

During an interview with law enforcement, the defendant acknowledged these text messages were indeed sent from him. The defendant also told law enforcement he has been an unlawful user and addicted to cocaine since he was a teenager. The defendant also told law enforcement he remembered completing the form to purchase these firearms on September 20, 2022. Cocaine is a Schedule II controlled substance.

Madison is in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

7. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the

Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

8. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss Count One of the indictment at sentencing.

9. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before July 19, 2024.

10. **ABANDONMENT:** The defendant hereby abandons all his right, title, and interest in the following: a Taurus International, model: G3C, serial number: ADB992627; a Palmetto State Armory, model: Dagger Compact, serial number: FG101306; a Palmetto State Armory, model: Dagger Compact, serial number: FG101339; and a Palmetto State Armory, model PA-15, serial number: SCD465921. The defendant consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant. The defendant further agrees that he is the registered owner of all property listed above, and agrees to hold the United States, its agents and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

11. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

12. **SENTENCING RECOMMENDATIONS:** The government agrees to recommend a sentence of probation. The defendant acknowledges his understanding that, other than the recommendation for a sentence of probation, the United States has made no promises or guarantees regarding the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above.

13. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

14. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

TIMOTHY M. O'SHEA
United States Attorney

8/14/2024
Date

By: _____
STEVEN AYALA
Assistant United States Attorney

8/12/24
Date

JONATHAN GREENBERG
Attorney for the Defendant

8-12-24
Date

ERIK SMAY
Defendant

## ACKNOWLEDGEMENTS

I, ERIK SMAY, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

8-12-24
Date

ERIK SMAY
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

8/12/24
Date

JONATHAN GREENBERG
Attorney for Defendant